**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Barbara Blagg | * | |
| & | * | |
| Lola Music, | * | Case No. 2:18-cv-458 |
| On behalf of themselves and other members of the general public similarly situated, | * | JUDGE |
| | * | MAGISTRATE JUDGE |
| Plaintiffs, | * | **JURY DEMAND ENDORSED HEREON** |
| v. | * | |
| Fresh Thyme Farmers Market, LLC (Lakes Venture, LLC) c/o Paracorp Incorporated 4568 Mayfield Road, #204 Cleveland, Ohio 44121 | * | |
| | * | |
| Defendant. | * | |
| | * | |

**PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Barbara Blagg ("Plaintiff Blagg" or "Blagg"), and Lola Music ("Plaintiff Music" or "Music") (together hereinafter "Plaintiffs" or "Named Plaintiffs"), individually and on behalf of other members of the general public similarly situated, for their complaint against Fresh Thyme Farmers Market, LLC (Lakes Venture, LLC) ("Fresh Thyme" or "Defendant"), for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b),

while the Ohio Acts claims are asserted pursuant to Rule 23. The following allegations are based on personal knowledge as to the Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I.    JURISDICTION AND VENUE

4. This action is brought pursuant to the FLSA, the Ohio Wage Act, the OPPA, and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue properly lies in this forum pursuant to 28 U.S.C. § 1391, because Defendant employed Named Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district, and Defendant conducts substantial business in this judicial district.

## II.    THE PARTIES

### A. Named Plaintiff Barbara Blagg

4. Named Plaintiff Blagg is an individual and United States citizen. At all times relevant herein, Plaintiff Blagg was employed by Defendant from approximately November, 2015 until February 26, 2018 as a receiver.

5. As a receiver, Plaintiff Blagg was an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

6. Plaintiff Blagg's primary job duties consisted of checking in trucks and carrying loads containing merchandise from vendors, among other miscellaneous job duties, on behalf of Defendant during all times relevant.

7. During her employment with Defendant, Plaintiff Blagg was not paid for all of her compensable hours worked due to a companywide meal period policy that resulted in the deduction of thirty (30) minutes per shift of five hours or more when Plaintiff Blagg did not receive a bona fide meal period. The companywide meal period policy resulted in unpaid overtime wages for the three years preceding the filing of this Complaint.

### B. Named Plaintiff Lola Music

8. Named Plaintiff Music is an individual, United States citizen, and former resident of the State of Ohio living in the Southern District of Ohio. At all times relevant herein, Plaintiff Music was employed by Defendant from approximately November, 2015 through April, 2017 as an Assist Department and a Department Manager in the Food Service Department.

9. As a Department Manager, Plaintiff Music was an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts.

10. Plaintiff Music's primary job duties consisted of training employees, stocking inventory, setting up the stores at which she was assigned, sanitation, day-to-day operations in the Food Service Department, and assisting with other departments as needed.

11. As a Food Service Department Manager, Plaintiff Music worked at the following stores of Fresh Thyme:

      a. <u>Worthington, Ohio ("Worthington")</u>

          i. 933 High St., Worthington, Ohio 43085

      b. <u>Columbus, Ohio ("Columbus")</u>

      i. 6670 Sawmill Road, Columbus, Ohio 43235

  c. Westerville, Ohio ("Westerville")

      i. 849 Polaris Pkwy, Westerville, Ohio 43082

  d. Mayfield Heights, Ohio ("Mayfield Heights")

      i. 1545 Golden Gate Plaza, Mayfield Heights, Ohio 44124

  e. North Canton, Ohio ("North Canton")

      i. 5509 Dressler Rd. NW, North Canton, Ohio 44720

  f. Westlake, Ohio ("Westlake")

      i. 30100 Detroit Road, Westlake, Ohio 44145

12. During her employment with Defendant, Plaintiff Music was not paid for all of her compensable hours worked due to a companywide meal period policy that resulted in the deduction of thirty (30) minutes per shift of five hours or more when Plaintiff Music did not receive a bona fide meal period. The companywide meal period policy resulted in unpaid overtime wages for the three years preceding the filing of this Complaint.

13. In addition, Plaintiff Music regularly performed off-the-clock job duties on behalf of Defendant. Specifically, she was required to clock out to keep her recorded time at forty (40) hours per week. However, Plaintiff Music regularly performed off-the-clock job duties on behalf of Defendant such as working in the salad bar, cheese bar, whole food service, sandwich stations, the deli department, closing down, preparing items and inventory for the next day, washing dishes, putting away food trucks, and she also did not get paid for travel time in between the various stores at which she was assigned to work.

14. Named Plaintiffs bring this action on behalf of themselves and on behalf of those similarly situated and has given their written consent to bring this action to collect unpaid overtime

and other unpaid compensation under the FLSA. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**).

15. Defendant Fresh Thyme is a foreign limited liability company doing substantial business in Franklin County, which is in the Southern District of Ohio. According to the Ohio Secretary of State, it designated Paracorp Incorporated as its statutory agent with the address of 4568 Mayfield Road # 204, Cleveland, Ohio 44121.

16. Defendant is a grocery store chain with at least seventy-six (76) store locations spanning at least eleven (11) states, including Iowa, Illinois, Indiana, Kentucky, Michigan, Minnesota, Missouri, Nebraska, Ohio, Pennsylvania, and Wisconsin.[1]

17. Defendant was and is actively doing business in this judicial district during all times relevant. At all times relevant, Defendant has been an "employer" as that term is defined by the FLSA and the Ohio Acts.

18. During relevant times, Defendant maintained control, oversight, and direction over Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

19. Upon information and belief, Defendant operated/operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

---

[1] *See* https://www.freshthyme.com/our-stores/ (last visited May 6, 2018).

20. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio as well as record keeping laws of the State of Ohio.

### III. STATEMENT OF FACTS

#### A. Interrupted Meal Breaks

21. Fresh Thyme has a companywide meal break policy that requires all hourly, non-exempt employees, including Plaintiffs, to clock out for thirty (30) minutes once the employees have worked five (5) hours per day (hereinafter called "Meal Deduction Policy"). Specifically, the policy states as follows:

"2-4. Meal and Break Period:

> Employees are provided meal and break periods as required by applicable law. Your Manager will provide further details. For employees scheduled more than five (5) hours in one day, the Company policy requires these employees to take a 30 minute unpaid break. This mandatory break must be taken by the beginning of the fifth hour worked. Employees may receive a paid 10 minute break for every four (4) hours worked."

22. During the past three years preceding the filing of this Complaint, Plaintiffs and other similarly situated employees regularly worked over (40) hours per week.

23. During all times relevant, Plaintiffs and other similarly situated employees were not paid time-and-a-half ("overtime rate") for all hours worked in excess of forty (40) resulting in unpaid overtime wages and other wages owed because of Defendant's companywide Meal Deduction Policy and/or practice whereby Defendant requires hourly, non-exempt employees to clock out for thirty (30) minutes by the fifth hour worked. Defendant deducts this time from its hourly, non-exempt employees' compensable time even though employees did/do not receive an uninterrupted meal period in the amount of 30 minutes each shift.

24. During the relevant time period, Defendant applied the same pay practices and policies to all hourly, non-exempt employees, including Plaintiffs.

25. During the previous three years preceding this Complaint, Named Plaintiffs and other similarly situated employees were not paid for all of their compensable hours worked due to the aforementioned Meal Deduction Policy even though employees did not receive an uninterrupted meal period because they continued to perform substantial job duties on behalf of Defendant even though they were "clocked out" during the purported meal period.

### B. Additional Off-the-Clock Work

26. Plaintiff Music is representative of those similarly situated with respect to allegations relating to Defendant's Meal Deduction Policy as described above and restated as if fully rewritten herein. She is also representative of a subclass consisting of additional off-the-clock work.

27. Plaintiff Music was an hourly, non-exempt employee of Defendant as defined in the FLSA and the Ohio Acts because she was paid on an hourly basis during all times relevant.

28. Further, with the exception of employees at the Store Director level and above, Defendant paid their employees on an hourly basis. Defendant also pays its employees on a weekly basis.

29. With the exception of employees at the Store Director level and above, Fresh Thyme hourly, non-exempt employees are only paid for hours worked during the workweek ("Hourly, Non-exempt FT Employees").

30. Plaintiffs and Defendant's other Hourly, Non-exempt FT Employees were not guaranteed a predetermined amount on a weekly basis.

31. Plaintiffs and Defendant's other Hourly, Non-exempt FT Employees' pay was subject to reduction because of variations in the quantity of work performed.

32. Plaintiff Music and Defendant's other Hourly, Non-exempt FT Employees regularly performed additional off-the-clock job duties. Specifically, Plaintiff Music and Defendant's other Hourly, Non-exempt FT Employees were required to clock in only for the time period consisting of their scheduled shifts to limit or restrict the amount of overtime worked. However, Plaintiff Music and Defendant's other Hourly, Non-exempt FT Employees regularly performed off-the-clock job duties on behalf of Defendant outside of their scheduled shifts.

33. Defendant knew or should have been aware that Plaintiffs and other similarly situated employees worked in excess of forty (40) hours in a workweek, but willfully elected not to compensate them for all hours worked in excess of forty (40) during the three years preceding the filing of this Complaint because of the preceding policies.

34. Defendant's failure to pay Plaintiffs and similarly situated employees for all hours worked because of the preceding policies described above resulted in unpaid wages, including overtime wages, liquidated damages, costs, and attorneys' fees.

## IV. COLLECTIVE ACTION ALLEGATIONS

### A. 216(b) Collective Action for Unpaid Overtime and Other Wages.

35. Named Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendant who worked over 40 hours in any workweek and were not fully compensated for all hours worked because they were unable to take an uninterrupted meal break of thirty (30) minutes or otherwise performed off-the-clock job duties outside of their scheduled shifts for the period beginning three years immediately preceding the

filing of this Complaint (the "§216(b) Class" or the "§216(b) Collective Members").

36. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiffs, numerous putative §216(b) Collective Class Members have been denied proper overtime wages due to Defendant's company-wide payroll policies and practices. Named Plaintiffs are representative of those other similarly situated employees and is acting on behalf of her interests as well as their own in bringing this action.

37. The §216(b) Class can be broken down into two subclasses: (1) those §216(b) Collective Members who have unpaid overtime as a result of the Meal Deduction Policy (hereinafter the "§216(b) Interrupted Meal Deduction Subclass"); and (2) those §216(b) Collective Members who have unpaid overtime as a result of performing off-the-clock work outside of their scheduled shifts (hereinafter the "§216(b) Additional Off-the-Clock Subclass").

38. These FLSA claims are brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages and attorneys' fees under the FLSA. In addition to Named Plaintiffs, numerous putative §216(b) Collective Class Members have been denied proper overtime wages due to Defendant's companywide payroll policies and practices. Named Plaintiffs are representative of themselves and those other similarly situated employees with respect to the §216(b) Interrupted FLSA Meal Deduction Subclass. Named Plaintiff Music is representative of herself and those other similarly situated employees with respect to the §216(b) Additional Off-the-Clock Subclass.

39. The identity of the putative §216(b) Collective Class Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime wages, liquidated damages, attorneys' fees and costs under the FLSA.

40. The net effect of Defendant's policies and practices is that Defendant willfully failed to pay overtime wages and maintain proper recordkeeping. Thus, Defendant enjoyed substantial ill-gained profits at the expense of the Named Plaintiffs and the §216(b) Class Members.

### B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime and Other Wages.

41. Named Plaintiffs bring their Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of themselves and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt Ohio employees of Defendant who worked over 40 hours in any workweek and were not fully compensated for all hours worked because they were unable to take an uninterrupted meal break of thirty (30) minutes or otherwise performed off-the-clock job duties outside of their scheduled shifts for the period beginning three years immediately preceding the filing of this Complaint (the "Ohio Rule 23 Class" or the "Ohio Rule 23 Class Members").

42. During relevant times, Named Plaintiffs and those Ohio Rule 23 Class Members worked more than forty (40) hours per workweek, but were not paid overtime for all hours worked because of Defendant's companywide policy and/or practice of not fully compensating its employees for off-the-clock job duties performed on behalf of Defendant the subclasses of which are divided into two main subclasses.

43. The Ohio Rule 23 Class can be broken down into two subclasses: (1) those Ohio Rule 23 Class Members who have unpaid overtime as a result of the Meal Deduction Policy (hereinafter the "Ohio Rule 23 Interrupted Meal Deduction Subclass"); and (2) those Ohio Rule 23 Class Members who have unpaid overtime as a result of performing off-the-clock work outside of their scheduled shifts (hereinafter the "Ohio Rule 23 Additional Off-the-Clock Subclass").

44. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

45. Named Plaintiffs are members of the Ohio Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

46. Named Plaintiffs will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

47. Named Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

48. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

49. Questions of law and fact are common to the Ohio Rule 23 Class.

50. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt employees.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Ohio Rule 23 Class as a whole.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

53. Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Ohio Rule 23 Class Members overtime for all hours worked in excess of forty hours per week as a result of Defendant's companywide Meal Deduction Policy and the additional uncompensated off-the-clock work; (b) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld overtime compensation is due to the Named Plaintiffs and other members of the Ohio Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

54. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### V. CAUSES OF ACTION

### COUNT I
### (FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)

55. All of the preceding paragraphs are realleged as if fully rewritten herein.

56. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the §216(b) Class.

57. During the three years preceding the filing of this Complaint, Defendant employed the Named Plaintiffs and the §216(b) Collective Members.

58. Named Plaintiffs and the §216(b) Collective Members were paid on an hourly basis.

59. Named Plaintiffs and the §216(b) Collective Members primarily performed non-exempt job duties.

60. Named Plaintiffs and the §216(b) Collective Members worked in excess of 40 hours in a workweek.

61. The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(b).

62. The FLSA requires that non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. § 207(a)(1).

63. Plaintiffs and the § 216(b) Collective Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.1, *et seq*.

64. Plaintiffs and the § 216(b) Collective Members were not exempt from receiving FLSA overtime benefits because, *inter alia*, they were not a "learned professional" employee, as that term is defined under the FLSA. *See* 29 CFR § 541.301.

65. Named Plaintiffs and the § 216(b) Collective Members worked in excess of forty hours per week during the three years preceding the filing date of this lawsuit.

66. Named Plaintiffs and the § 216(b) Collective Class Members should have been paid the overtime premium for all hours worked in excess of forty hours per workweek.

67. Defendant violated the FLSA with respect to Named Plaintiffs and the §216(b) Collective Members by, *inter alia*, failing to compensate them at time-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek because of the Meal Deduction Policy and/or because Named Plaintiffs and the §216(b) Collective Members performed off-the-clock work outside of their scheduled shifts.

68. Accordingly, Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the §216(b) Collective Members are entitled.

69. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiffs and the §216(b) Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

70. As a direct and proximate result of Defendant's conduct, Named Plaintiffs have suffered and continue to suffer damages in an amount not presently ascertainable. In addition, Plaintiffs seek liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's willful failure and refusal to pay overtime wages.

## COUNT II
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

71. All of the preceding paragraphs are realleged as if fully rewritten herein.

72. This claim is brought under Ohio Law, which incorporates the FLSA without limitation.

73. Ohio Law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

74. The Named Plaintiffs and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under R.C. § 4111.03, but were not paid one and one-half times their regular hourly rate for all hours worked over 40 in a workweek due to Defendant's Meal Deduction Policy and/or because Named Plaintiffs and Ohio Rule 23 Class Members performed off-the-clock work outside of their scheduled shifts.

75. Defendant knew or should have known that Plaintiffs and the Ohio Rule 23 Class Members regularly worked in excess of forty (40) hours per week.

76. Named Plaintiffs and the Ohio Rule 23 Class Members were not exempt from the wage protections of Ohio Law.

77. Defendant's repeated and knowing failure to pay overtime wages to the Named Plaintiffs and the Ohio Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendant acted willfully.

78. For Defendant's violations of R.C. §4111.03, by which the Named Plaintiffs and the Ohio Rule 23 Class Members have suffered and continue to suffer damages.

79. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiffs is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

80. As a direct and proximate result of Defendant's conduct, Named Plaintiffs and the Ohio Rule 23 Class Members have suffered and continue to suffer damages in an amount not presently ascertainable. In addition, Named Plaintiffs and the Ohio Rule 23 Class Members seek liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's willful failure and refusal to pay overtime wages in violations of R.C. § 4111.03.

## COUNT III
### (O.R.C. § 4113.5 – RULE 23 CLASS ACTION FOR VIOLATIONS OF OHIO'S PROMPT PAY ACT)

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant.

83. During relevant times, Defendant was and still is an entity covered by the OPPA and the Named Plaintiffs and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

84. The OPPA requires Defendant to pay Named Plaintiffs and the Ohio Rule 23 Class Members all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

85. During relevant times, Named Plaintiffs and the Ohio Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

86. The Named Plaintiffs' and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

87. Named Plaintiffs and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

88. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT IV
### (RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT)

89. All of the preceding paragraphs are realleged as if fully rewritten herein.

90. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* R.C. § 4111.08 and Ohio Rev. Code §§4111.14(G) & (H). *See also*, 29 C.F.R. §§ 516.2 *et seq*.

91. During times material to this lawsuit, Defendant was a covered employer, required to comply with the Ohio Wage Act's mandates.

92. Named Plaintiffs and Ohio Rule 23 Class Members were covered employees entitled to the protection of the Ohio Wage Act.

93. During times material to this lawsuit, Defendant violated the Ohio Wage Act with respect to Named Plaintiffs and Ohio Rule 23 Class Members by failing to properly maintain accurate records of all hours Named Plaintiffs and Ohio Rule 23 Class Members worked each workday and within each workweek.

94. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as to **Count I**, Named Plaintiffs and other members of the § 216(b) Collective Class pray for an Order as follows:

A. Certifying the proposed FLSA collective action, including both subclasses;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the 216(b) Collective Class apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. A declaratory judgment that Defendant's recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to 29 C.F.R. §§ 516.2, *et seq.*, and that Named Plaintiffs, the 216(b) Collective Class Members are entitled to prove their hours worked with reasonable estimates;

D. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Collective Class during the applicable statutory period under the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

E. Judgment against Defendant for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiffs and all other similarly situated employees during the applicable statutory period;

F. Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

H. Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

I. Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II, III, and IV**, Named Plaintiffs and the Ohio Rule 23 Class Members request judgment against Defendant for violations of the Ohio Wage Law and the OPPA for an Order:

J. Awarding to the Named Plaintiffs and the Ohio Rule 23 Class members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

K. Awarding Named Plaintiffs and the Ohio Rule 23 Class members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

L. Awarding judgment against Defendant for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiffs and the Ohio Rule 23 Class Members during the applicable statutory period;

M. A declaratory judgment that Defendants' recordkeeping policies and practices alleged herein violate the federal recordkeeping requirements pursuant to the Ohio Acts and that Named Plaintiffs and Ohio Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

N. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the Ohio Acts;

O.	Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

P.	Judgment for any and all civil penalties to which Plaintiffs and all other similarly situated employees may be entitled; and

Q.	Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

/s/ *Matthew J.P. Coffman*_____
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

/s/ *Daniel I. Bryant*_____
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Telephone: (614) 704-0546
Facsimile: (614) 573-9826
Email:  dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Plaintiffs hereby demand a jury trial of eight (8) persons to hear all issues so triable.

/s/ *Matthew J.P. Coffman*_____
Matthew J.P. Coffman (0085586)